# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JULIO A. RIVERA-GÓMEZ,** <br><br> Plaintiff, <br><br> v. <br><br> **LUXURY HOTELS INTERNATIONAL OF PUERTO RICO, INC. d/b/a THE RITZ-CARLTON SAN JUAN HOTEL, SPA & CASINO a/k/a THE RITZ-CARLTON HOTEL COMPANY OF PUERTO RICO, INC.,** <br><br> Defendant. | Civil No. 16-3087 (ADC) |

## OPINION & ORDER

There are two motions pending before the Court. First is defendant's motion to dismiss plaintiff's complaint and compel arbitration, **ECF No. 6**, plaintiff's reply thereto, **ECF No. 8**, and defendant's surreply, **ECF No. 11.** Second is plaintiff's motion to strike defendant's dispositive motion, **ECF No. 14**, and defendant's reply, **ECF No. 15.** For the reasons explained below, the Court **GRANTS** defendant's motion to dismiss and compel arbitration at **ECF No. 6** and **DENIES** plaintiff's motion to strike at **ECF No. 14.** Defendant's motion at **ECF No. 18** is **DENIED AS MOOT.**

I.  **Factual and Procedural Background**

Plaintiff Julio A. Rivera-Gómez brought suit on December 5, 2016 against his employer, defendant Luxury Hotels International of Puerto Rico, Inc. d/b/a The Ritz-Carlton San Juan

Hotel, Spa & Casino a/k/a The Ritz-Carlton Hotel Company of Puerto Rico, Inc. **ECF No. 1**. Plaintiff seeks recovery for wrongful termination and age discrimination in violation of Puerto Rico law and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. **ECF No. 1** at 7–10. Plaintiff's complaint indicates that, prior to filing suit, he "filed a timely written charge with the Equal Employment Opportunity Commission ('EEOC'), where he notified defendant[] and indicated discrimination based on age," to which the EEOC replied with a "Notice of Right to Sue," thereby "exhaust[ing] all administrative remedies." **ECF No. 1** at 3.

Defendant moved for more time to file its answer or otherwise plead, **ECF No. 4,** which the Court granted with the caveat that "[d]ispositive motions will not be considered in lieu of an answer," **ECF No. 5**. Defendant subsequently filed a combined answer and motion to dismiss and compel arbitration. **ECF No. 6.** Defendant argues that the Court lacks subject matter jurisdiction due to the existence of a signed arbitration agreement between the parties that defendant appended to its responsive pleading and refiled separately. **ECF Nos. 6**, **6-1, 7.** According to defendant, plaintiff executed the "Ritz-Carlton's Employee Agreement" (the "Agreement") on June 3, 2005, in which employees' rights and obligations are outlined. **ECF No. 6** at 2. Defendant contends that the Agreement outlines a three "step alternative dispute resolution process that employees must follow to resolve workplace incidents before filing a lawsuit," the final step of which "requires that the employee submit to arbitration claims of unjust dismissal, discrimination and/or retaliation." *Id.* Defendant alleges that plaintiff

"bypassed his contractual obligation to arbitrate his claims and, instead, filed the instant case." *Id.* Defendant argues that the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq., "'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.'" *Id.* at 4 (quoting *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985)). Accordingly, defendant contends that plaintiff's case must be dismissed and arbitration compelled and that the Court has no discretion under the FAA to do otherwise.

Plaintiff timely responded to defendant's motion, arguing that the Agreement is irrelevant because the "entity identified in the document"—"The Ritz-Carlton Hotel Company, LLC"—was "not plaintiff's true employer." **ECF No. 8** at 1. Rather, plaintiff's true employer, as identified on his 2015 and 2016 W-2 forms appended to his responsive pleading, was "Luxury Hotel Internation [sic] of Puerto Rico Inc." **ECF Nos. 8-2, 8-3**. Defendant timely replied, arguing that plaintiff's challenge to the identity of his employer is disingenuous and founded on the "irrational argument" that plaintiff "agreed to arbitrate his employment claims, but with an entity that was never his employer." **ECF No. 11** at 4. Plaintiff subsequently filed a surreply in response to defendant's surreply. **ECF No. 12**. The Court ordered that filing stricken from the record on the basis that "plaintiff does not, and will not, have leave to file it." **ECF No. 13.**

On June 7, 2017, plaintiff subsequently filed a motion to strike defendant's motion on the grounds that the filing had been prohibited by the Court's earlier order granting defendant more

time to file its answer but declining to extend that time to filing dispositive motions. **ECF Nos. 14, 5**. Defendant timely replied, arguing that plaintiff's motion to strike is "a subterfuge to refile a Surreply [to defendant's motion to dismiss] that was already stricken from the record." **ECF No. 15** at 2. Moreover, defendant asserts that its motion to dismiss is in compliance with the Court's earlier order because it was filed in conjunction with its answer, not in lieu of its answer. *Id.*

II. **Legal Standard**

The enforceability of the arbitration clause in the Agreement is the central question before the Court. "Congress passed the FAA to overcome a history of judicial hostility to arbitration agreements." *Escobar-Noble v. Luxury Hotels Intern. of Puerto Rico, Inc.*, 680 F.3d 118, 121 (1st Cir. 2012). "A party seeking to compel arbitration under the FAA must demonstrate that a valid agreement to arbitrate exists, that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." *Dialysis Access Ctr., LLC v. RMS Lifeline, Inc.*, 638 F.3d 367, 375 (1st Cir. 2011) (citation and internal quotation marks omitted). *See also Escobar-Noble*, 680 F.3d at 122 (explaining that "courts decide questions of arbitrability, that is, questions about whether the parties have agreed to submit a given dispute to arbitration"). "In carrying out this endeavor, 'due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself resolved in favor of arbitration.'" *Dialysis Access Ctr.*, 638 F.3d at 376 (additional citation and

internal quotation marks omitted) (quoting *Mastrobuono v. Shearson Lehman Hutton, Inc.*, 514 U.S. 52, 62, (1995)). "'When deciding whether the parties agreed to arbitrate a certain matter . . . , courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.'" *Id.* (omissions in original) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). Puerto Rico law requires three things for a contract to be valid: "(1) [t]he consent of the contracting parties[,] (2) [a] definite object which may be the subject of the contract[, and] (3) [t]he cause for the obligation which may be established." P.R. Laws Ann. tit. 31, § 3391.

## III. Analysis

The Court first addresses plaintiff's motion to strike at **ECF No. 14**. Plaintiff seeks to strike defendant's motion, arguing that the motion violated the Court's order at **ECF No. 5** that "[d]ispositive motions will not be considered in lieu of an answer." Defendant filed its dispositive motion in *conjunction with* its answer, not *in lieu of* its answer. Accordingly, plaintiff's motion to strike at **ECF No. 14** is **DENIED.**[1]

Next, the Court addresses the validity of the Agreement by walking through the four steps outlined by the First Circuit Court of Appeals. As stated above, "[a] party seeking to compel arbitration under the FAA must demonstrate that a valid agreement to arbitrate exists,

---

[1] The Court also admonishes plaintiff's counsel for attempting to use the motion to strike as a backdoor to file a surreply to defendant's motion to dismiss and compel arbitration. The majority of plaintiff's motion to strike is dedicated to attacking the substance of defendant's motion to dismiss and compel arbitration. The Court already struck plaintiff's surreply to that motion, noting that "plaintiff does not, and will not, have leave to file it." **ECF Nos. 12, 13**.

that the movant is entitled to invoke the arbitration clause, that the other party is bound by that clause, and that the claim asserted comes within the clause's scope." *Dialysis Access Ctr.*, 638 F.3d at 375 (citation and internal quotation marks omitted).

The Agreement signed by the parties outlines a three-step process for dispute resolution between employees and the employer, culminating with arbitration. **ECF No. 7** at 4. The Agreement states, "I must request Arbitration if I wish to challenge my termination for any reason or for management decisions that I believe are discriminatory or retaliatory." *Id.* at 7. The Agreement describes what arbitration is and how an employee can request arbitration and states, "I understand that by signing this agreement, I am waiving the ability to file a lawsuit to challenge any termination or management decision that is covered by this Arbitration provision." *Id.* Plaintiff's name and signature, dated June 3, 2005, appear on the last page of the Agreement, under text that includes the statement, "I agree to this Employee Agreement." *Id.* at 9.

Plaintiff does not challenge the Agreement's validity, that he is bound by the Agreement, or that his claims in the complaint fall within the Agreement's scope. Plaintiff does not claim, nor does the record disclose, that his consent to the Agreement is void because he signed in "error, under violence, by intimidation, or deceit." *See* P.R. Laws Ann. tit. 31, § 3404 (outlining when consent to a contract is void). Plaintiff signed a form stating that he read and agreed to the terms of the Agreement. And the claims in his complaint—wrongful termination and age

discrimination—clearly fall within the scope of the Agreement's arbitration clause. Thus, there is no basis for the Court to conclude that: (i) the Agreement is not valid; (ii) it does not apply to plaintiff; and (iii) it does not encompass his claims.[2]

Plaintiff advances just one argument to undermine the applicability of the Agreement—that defendant is not a party to the Agreement. **ECF No. 8.** Plaintiff asserts that the Agreement identifies the employer as "The Ritz-Carlton Hotel Company, LLC," while defendant, and plaintiff's "true" employer is "Luxury Hotel Internation [sic] of Puerto Rico," as identified on plaintiff's 2015 and 2016 W-2 Forms. **ECF Nos. 8**; **8-1** at 3**; 8-2; 8-3.** Moreover, plaintiff contends that the entity identified in the Agreement is not a registered corporation in Puerto Rico, and "the closest similarly name[d] entity registered 'The Ritz-Carlton Hotel Company, Inc.' dissolved in 1989," as indicated in a "'Negative Certificate' from the Commonwealth of Puerto Rico Department of State."[3] **ECF Nos. 8** at 2; **8-4; 8-5.**

Defendant asserts that the difference in corporate names on its paperwork is inconsequential and "often happens in multinational companies where template documents are shared." **ECF No. 11** at 2. To prove this assertion, defendant appended to its reply memorandum a "Banquet Event Order Form" that is date stamped for May 7, 2007, at which time plaintiff was

---

[2] It is also worth noting that the Agreement at issue in the present case is strikingly similar, if not identical, to the agreements upheld in prior decisions by this Court and the First Circuit. *See, e.g., Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casinos*, 640 F.3d 471, 473–74 (1st Cir. 2011); *Torres-Rosario v. Mariott Intern. d/b/a Ritz-Carlton Hotel, Spa & Casino*, 872 F.Supp.2d 149, 153 n.5 (D.P.R. July 5, 2012) (FAB).

[3] Plaintiff makes this argument despite filing his complaint against "The Ritz-Carlton Hotel Company of Puerto Rico, Inc." as an "a/k/a" of his employer. *See* **ECF No. 1.**

Banquet Chef. **ECF Nos. 11** at 2; **11-2; 1** at 1, 4. The banquet form bears both the corporate name now challenged by plaintiff, "The Ritz-Carlton Hotel Company, LLC," with the name plaintiff recognizes as his employer's d/b/a, "The Ritz-Carlton, San Juan Hotel, Spa & Casino," directly underneath. **ECF Nos. 11** at 2; **11-2**. Defendant also included a copy of the employee handbook titled, "Ladies and Gentlemen Manual," which contains references to both "The Ritz-Carlton LLC" and "The Ritz-Carlton, San Juan Hotel & Casino." **ECF Nos. 11** at 2; **11-3** at 2, 74–78. The Ladies and Gentleman Manual outlines many of the benefits that plaintiff described receiving in his complaint, such as pay raises, awards, and promotions. **ECF Nos. 11** at 2; **11-3** at 3–4, 31–33, 42–43; **1** at 4–5. Last, defendant included in its reply performance evaluations from throughout plaintiff's employment; those evaluations bear the corporate name, "Ritz-Carlton Hotel Company, LLC," and are signed by plaintiff and at least one individual that plaintiff listed in the complaint as a past manager (Jason Adams). **ECF No. 11-4**. The evaluations are overwhelmingly positive, corresponding with plaintiff's allegation that "his performance always met employer's expectations." **ECF No. 1** at 4.

The Court agrees with defendant that plaintiff's challenge to the Agreement is disingenuous. Plaintiff asserts that Luxury Hotels International of Puerto Rico is his "true" employer and identifies the Ritz-Carlton San Juan Hotel, Spa & Casino as its d/b/a. **ECF Nos. 8, 1.** The d/b/a entity, the Ritz-Carlton San Juan Hotel, Spa & Casino, is named in the Agreement as the employer. Moreover, the banquet form displays both Ritz-Carlton names as if they are

the same entity and the form is dated for a time during which plaintiff worked at the hotel. Likewise, the employee performance evaluations submitted by defendant, identifying the employer as "The Ritz-Carlton Hotel Company, LLC," align with factual allegations contained in plaintiff's complaint and appear to be signed by plaintiff. Accordingly, defendant Luxury Hotels International of Puerto Rico, Inc. d/b/a The Ritz-Carlton San Juan Hotel, Spa & Casino is party to the Agreement and may properly assert the arbitration clause in the Agreement.

**IV. Conclusion**

The Court **GRANTS** defendant's motion to dismiss and compel arbitration at **ECF No. 6** and **DENIES** plaintiff's motion to strike at **ECF No. 14**. Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** and the parties are ordered to enter arbitration. Defendant's motion at **ECF No. 18** is **DENIED AS MOOT**. Judgement shall be entered accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 13th day of March 2018.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**